UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Middletown Tube Works, Inc.,

    Plaintiff,

    v.

Creative Storage Systems, *et al.*,

    Defendants.

Case No. 1:15cv355

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendant Concentric Storage System's Motion to Dismiss, or Alternatively, to Transfer Venue. (Doc. 15). Also before the Court is Defendant Creative Storage System's Motion to Change Venue. (Doc. 16). These motions have been fully briefed. (Docs. 19, 21, 22, 23).

### I.    BACKGROUND

This matter was removed to this Court from the Butler County Court of Common Pleas. (Doc. 3). Plaintiff Middletown Tube Works, Inc. ("MTW") is an Ohio corporation transacting business in Ohio. (Id., ¶ 1). Defendant Concentric Storage Systems, LLC ("Concentric") is a Delaware limited liability company, formerly based in Georgia and now based in Tennessee. (Doc. 15-1, Gary Slater Aff. ¶¶ 2, 4). On February 6, 2015, Concentric purchased the assets of Defendant Creative Storage Systems, Inc. ("Creative"). (Id., ¶ 2). Creative is based in Georgia. (Id.)

MTW manufacturers specialty welded steel tubing. (Doc. 3, ¶ 6). MTW sold goods to Creative, but Creative failed to pay invoices MTW sent to Creative. (Id., ¶¶ 9-13). MTW alleges that Creative transferred its assets to Concentric with the intent to

defraud MTW from receiving payment. (Id., ¶ 18). MTW brings the following claims against Creative: (1) breach of contract; (2) unjust enrichment; (3) promissory estoppel; (4) action on an account; (5) fraudulent transfer; (6) fraud based on the contract for goods; (7) conversion; (8) civil conspiracy; and (9) damages from a criminal act under Ohio Revised Code § 2307.60. MTW brings the following claims against Concentric: (1) unjust enrichment; (2) fraudulent transfer; (3) conversion; (4) civil conspiracy; (5) damages from a criminal act under Ohio Revised Code § 2307.60; and (6) successor liability.

Concentric moves to dismiss MTW's Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(6). In the alternative, Concentric moves to transfer venue to a forum more convenient to the parties: the Northern District of Georgia. Creative joins in Concentric's motion to transfer venue to the Northern District of Georgia.

**II.** **ANALYSIS**

    **A. Personal Jurisdiction**

The plaintiff bears the burden of proving personal jurisdiction exists. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting

2

*Neogen*, 282 F.3d at 887) (internal citation omitted).

"Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 930 N.E.2d 784, 790 (2010); *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994)).

Under Ohio's long-arm statute, a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

> (1) Transacting any business in this state;
>
> . . .
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

Ohio Rev. Code § 2307.382(A).

The Sixth Circuit has explained:

> While the Ohio courts interpret the "transacting business" prong broadly to "permit jurisdiction over nonresident defendants who are transacting any business in Ohio," *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 559 N.E.2d 477, 480 (1990), the Ohio long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action. *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006). A mere "but-for" connection is insufficient. *Id.* As a result, we have determined that the Ohio long-arm statute's "arising from" prong has less reach than the Due Process Clause, and, thus, due process need not be considered. *Id.*

*Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014).

3

Creative does not dispute that this Court has personal jurisdiction over Creative.[1] The only dispute is whether this Court has personal jurisdiction over Concentric. MTW argues that Concentric is the alter ego or successor of Creative, which subjects Concentric to the claims plead against Creative. MTW also argues that Concentric itself is subject to personal jurisdiction under Ohio Revised Code § 2307.382(A)(4) based on MTW's fraudulent transfer and conversion claims.

The Sixth Circuit has explained that "it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002)). The parties seem to agree that Ohio law applies to the determination as to whether Concentric is the alter ego or successor of Creative.

Concentric argues that Creative's asset purchase of Concentric cannot form the basis of jurisdiction over the contract claims against Concentric. Concentric also argues that MTW has not pled facts which would support a successor liability theory.

MTW acknowledges that under Ohio law, the purchasers of a corporation's assets are not held liable for the debts and obligations of the selling corporations. However, MTW points to the exceptions to this general rule.

The Supreme Court of Ohio has explained that "a corporation that purchases the

---

[1] Concentric states that it does not concede that there is personal jurisdiction over Creative. (See Doc. 22, PAGEID #138). However, Concentric does not provide a detailed argument as to why jurisdiction is lacking. (Id.)

4

assets of another corporation is not liable for the contractual liabilities of its predecessor corporation unless (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Welco Indus., Inc. v. Applied Co*s., 67 Ohio St. 3d 344, 349, 617 N.E.2d 1129, 1133 (Ohio 1993) (citing *Flaugher v. Cone Automatic Mach. Co.,* 30 Ohio St. 3d 60, 62, 507 N.E.2d 331, 334 (Ohio 1987)). In its Amended Complaint, MTW specifically alleges that Creative transferred its assets to Concentric with the intent to defraud MTW from receiving payment. Therefore, the Court finds that MTW has adequately alleged a basis for personal jurisdiction over the contract claims against Concentric. Therefore, to the extent that Concentric's Motion to Dismiss is based on a lack of personal jurisdiction, that motion is DENIED.

### B. <u>Venue</u>

Title 28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden of establishing the need for a transfer of venue under Section 1404(a). *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002) (citing *Mead Data Central, Inc. v. West Publishing Co.*, 679 F.Supp. 1455, 1457 (S.D.Ohio 1987)).

When considering a motion to transfer under Section 1404(a), a court must first determine whether the action could have been brought in the transferee district. 28 U.S.C. § 1404(a). There appears to be no dispute that this action could have been

brought in the Northern District of Georgia.

Next, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991).

Regarding the interests of the private parties, a plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court. *Jamhour*, 211 F. Supp. 2d at 947 (citing *SKY Technology Partners v. Midwest Research Institute*, 125 F.Supp.2d 286, 290-91 (S.D.Ohio 2000)).

Defendants explain that the Northern District of Georgia is a more convenient location for their numerous witnesses. However, Section 1404(a) does not contemplate "transfer to a forum that is equally convenient or inconvenient" overall. *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D.Ohio 2008); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645-46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). Moreover, as MTW points out, Defendants do not identify specific non-party witnesses or their expected testimony. The Court notes that "[i]t is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." *Brown Co. of Waverly, LLC v. Superior Roll Forming, Inc.*, No. 1:09-CV-802, 2009 WL 4251093, at *3 (W.D. Mich. Nov. 25, 2009) (quoting *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844

F.Supp. 1163, 1166 (S.D.Tex. 1994)). Therefore the Court concludes that the private interests do not favor transfer.

Public interest factors to be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). Defendants argue that it is in the public interest to transfer because the median time elapsed from filing to final disposition in the Southern District of Ohio is nearly three months longer that the Northern District of Georgia. However, the Court notes that MTW is an Ohio corporation and the goods which were the subject of the contract were fabricated in Ohio. In addition, there is no dispute that the initial contract formation occurred in Ohio, or that Ohio law applies to MTW's claims. Moreover, according to the affidavit submitted with Concentric's Motion, Concentric is no longer based in Georgia, but is now based in Tennessee. Therefore, the public interest factors do not favor transfer.

Based on the foregoing, Defendant Concentric Storage System's Motion to Dismiss, or Alternatively, to Transfer Venue (Doc. 15) is **DENIED**; and Defendant Creative Storage System's Motion to Change Venue (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT